UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK                                    10 civ. 0164
------------------------------------------------------------------------X
ABRAHAM LYLES III,

                        Plaintiff,                                  **AMENDED**
                                                                   **COMPLAINT**
                                                                   Trial by Jury Demanded On
                                                                   All Issues.

                            -against-

COUNTY OF NASSAU, DETECTIVE STEVEN WILSON
SHIELD #156, DETECTIVE LIEUTENANT BRIAN
SCHIRMACHER, DETECTIVE D'AURO, DETECTIVE
HOEFENFRIEG, VILLAGE OF HEMPSTEAD,
THE HEMPSTEAD POLICE DEPARTMENT,
NASSAU COUNTY DISTRICT ATTORNEYS OFFICE,
ASSISTANT DISTRICT ATTORNEY TERESA CORRIGAN,
ASSISTANT DISTRICT ATTORNEY KATHLEEN
FEEHAN, ASSISTANT DISTRICT ATTORNEY
DANA BOYLAN and JOHN and JANE DOE'S (Assistant
District Attorneys and Police Officers in the Employ
of the COUNTY OF NASSAU, NASSAU COUNTY
POLICE DEPARTMENT, VILLAGE OF HEMPSTEAD,
and THE HEMPSTEAD POLICE DEPARTMENT)

                                     Defendants
------------------------------------------------------------------------X

      Plaintiff, by his attorneys LAW OFFICE OF ANDREW C. LAUFER, PLLC, as and for his complaint herein, alleges as follows, upon information and belief:

### JURISDICTION

1.     The jurisdiction of this Court is invoked by Plaintiff pursuant to Title 28 of The United States Code, Sections 1331, 1343 (3) & (4) and 1367 and 1367 and Title 42 of The United States Code, Sections 1983 and 1985.

2.     The plaintiff is and was a citizen of New York.

3. Defendants the COUNTY OF NASSAU, NASSAU COUNTY POLICE DEPARTMENT, NASSAU COUNTY DISTRICT ATTORNEYS OFFICE, VILLAGE OF HEMPSTEAD and the HEMPSTEAD POLICE DEPARTMENT, are and at all times mentioned were, municipal corporations existing by virtue of laws of the State of New York.

4. Defendants DETECTIVE STEVEN WILSON, DETECTIVE LIEUTENANT BRIAN SCHIRMACHER, DETECTIVE D'AURO, DETECTIVE HOEFENFRIEG, ASSISTANT DISTRICT ATTORNEY TERESA CORRIGAN, ASSISTANT DISTRICT ATTORNEY KATHLEEN FEEHAN, and ASSISTANT DISTRICT ATTORNEY DANA BOYLAN are, upon information and belief citizens of the State of New York and agents, servants, and employees of the County of Nassau, Nassau County District Attorney, Village of Hempstead and the Hempstead Police Department.

5. Defendants JOHN and JANE DOE'S are, upon information and belief citizens of the State of New York and agents, servants, and employees of the County of Nassau, Nassau County District Attorney, Village of Hempstead and the Hempstead Police Department.

6. The matter in controversy exceeds the sum of $150,000.00 exclusive of costs and interests.

7. The Plaintiff also invokes supplemental jurisdiction of this Court over his State claims against defendants for common law violations pursuant to 28 U.S.C. 1367 as the common law claims for part of the same case or controversy.

8. Venue is proper in this District pursuant to 28 U.S.C. 1391 as the plaintiff resides in this District.

## JURY DEMAND

9.     Plaintiff demands a trial by jury on all issues pursuant to the Seventh Amendment to The United States Constitution and Fed. R. Civ. P. 38.

## NATURE PROCEEDINGS

10.     This is a proceeding for compensatory and punitive damages owing to the plaintiff as a result of violations of Civil Rights under the Fourth and Fourteenth Amendments to the Constitution of the United States and under Federal Law, particularly Title 42 of The United States Code, Section 1983, 1985, Title 18 of the The United States Code, Section 1965(e), Title 18 of The United States Code, Section 1965(a), Title 18 of The United States Code, Section 1962 and Title 28 of the United States Code, Section 1367(a).

## PRELIMINARY STATEMENT

11.     That prior to the institution of this action and within ninety (90) days from the date when the cause of action accrued herein, a notice of claim and intention to sue was duly served upon and filed with the COUNTY OF NASSAU, VILLAGE OF HEMPSTEAD, and the HEMPSTEAD POLICE DEPARTMENT on behalf of plaintiff; that this action was not commenced until the expiration of thirty (30) days after such notice of claim and intention to sue was presented and the defendants have neglected and/or refused to make adjustment or payment thereon, and this action is being commenced within one year and ninety days after the causes of action accrued herein.

12.     That on or about September 25, 2009 a hearing was held by the VILLAGE OF HEMPSTEAD pursuant to municipal law 50H.

13.     That at all time herein mentioned, the defendants operated, controlled and maintained a correction facility on or about the area known as the Nassau County Correctional Center in the County of Nassau, State of New York.

14.     That at all times hereinafter mentioned DETECTIVE STEVEN WILSON, DETECTIVE LIEUTENANT BRIAN SCHIRMACHER, DETECTIVE D'AURO, DETECTIVE HOEFENFRIEG, ASSISTANT DISTRICT ATTORNEY TERESA CORRIGAN, ASSISTANT DISTRICT ATTORNEY KATHLEEN FEEHAN, and ASSISTANT DISTRICT ATTORNEY DANA BOYLAN were and are agents, servants, employees, attorneys and police officers employed by the COUNTY OF NASSAU, NASSAU COUNTY DISTRICT ATTORNEYS OFFICE, NASSAU COUNTY POLICE DEPARTMENT, VILLAGE OF HEMPSTEAD, and the HEMPSTEAD POLICE DEPARTMENT.

15.     That at all times hereinafter mentioned Defendants JOHN and JANE DOE'S were and are agents, servants, employees, attorneys and police officers employed by the COUNTY OF NASSAU, NASSAU COUNTY DISTRICT ATTORNEYS OFFICE, NASSAU COUNTY POLICE DEPARTMENT, VILLAGE OF HEMPSTEAD, and the HEMPSTEAD POLICE DEPARTMENT.

16.     That at all time herein mentioned, the police officers were acting within the scope and course of their employment with the defendants, and under color of state law.

17. That at all times herein mentioned, all of the actions of the police officers alleged herein were done within the scope and course of their employment with the defendants, and under color of the state law.

18. That all of the causes of action pleaded herein fall within one or more of the exceptions set forth in New York's Civil Practice Law & Rules 1602 with respect to joint and several liability.

19. That on or about July 22, 2009, the plaintiff, accompanied by his girlfriend and children, was heading to apply for a job at a middle school in Hempstead, New York.

20. Mr. Lyles was then stopped and apprehended by the defendants pursuant to an alleged warrant issued by Family Court located on Old Country Road in Westbury, New York for failure to appear on a date certain.

21. Mr. Lyles was handcuffed and transported by the defendants to the Armory building located on Washington Avenue in Hempstead, New York.

22. Mr. Lyles was then placed in a prison cell.

23. While in the cell, Officer Wilson showed the plaintiff a picture and asked him if the individual depicted was him. Mr. Lyles denied that it was him.

24. Mr. Lyles was held overnight in said prison cell and was transported to Nassau County Police Headquarters where he was photographed and finger-printed.

25. While he waited to be photographed and finger-printed, he was handcuffed to a bench.

26. He was then placed in a cell at Nassau County Police Headquarters.

27. Mr. Lyles was then transported to Nassau County District Court where he was arraigned for possession of a controlled substance with attempt to sell. This was the first time the plaintiff was ever told what he was truly arrested for.

28. He was then remanded to Nassau County Correctional Facility where he stayed in the custody, care, and control of the defendants until November 3, 2008 over 3 months after his initial arrest.

29. The charges against Mr. Lyles were subsequently dismissed due to him being mistakenly identified by the defendants as the perpetrator of the crimes on or about February 24, 2009.

30. Also, during this time period, the alleged warrant issued by family court to compel Mr. Lyles appearance was subsequently dismissed.

## FIRST CAUSE OF ACTION

31. Plaintiff repeats and realleges each and every allegation contained above as though set forth at length herein.

32. That on or about July 22, 2008, the defendants, their agents, servants and employees, including but not limited to the police wrongfully and falsely arrested, imprisoned and detained plaintiff without any right or justifiable grounds therefore.

33. That the aforesaid arrest, detention, and imprisonment continued at various locations.

34. That the said arrest, detention, and imprisonment was caused by the defendants, its agents, servants and employees, including but not limited to the police without a

warrant and without any reasonable cause or belief that plaintiff was in fact guilty of any crime.

35. That the County and Village, its agents, servants and employees, as set forth above, intended to confine plaintiff; that plaintiff was conscious of the confinement; that plaintiff did not consent to the confinement; that the confinement was not otherwise privileged.

36. That by reason of the false arrest, imprisonment and detention of plaintiff, plaintiff was subjected to great indignities, humiliation and ridicule in being so detained, and was greatly injured in his credit and circumstances and was prevented and hindered from performing and transacting his necessary affairs and his business and employment, and was caused to suffer much pain in both mind and body, and to sustain economic loss, and was otherwise damaged.

## SECOND CAUSE OF ACTION

37. Plaintiff repeats and realleges each and every allegation contained in the First Cause of Action as if fully set forth at length herein.

38. That immediately prior to and during the course of his arrest and detention, plaintiff was assaulted and battered by police and correction officers, by act or failure to act, and denied proper medical care.

39. That the reason of the aforesaid, plaintiff sustained personal injuries, endured and will endure pain and suffering and loss of enjoyment of life, and economic loss, and was otherwise damaged.

## THIRD CAUSE OF ACTION

40. Plaintiff repeats and realleges each and every allegation contained in the First and Second Causes of Action as if fully set forth at length herein.

41. That following his arrest, plaintiff was wrongfully, falsely and maliciously charged by defendants and prosecuted with various crimes of which he was innocent.

42. That as a result thereof, plaintiff was required to appear in court to defend against these wrongful charges.

43. That as a result of the aforesaid malicious prosecution, plaintiff was subjected to great indignities, humiliation ridicule, was greatly injured in his credit and circumstances and was prevented and hindered from performing and transacting his necessary affairs and business and employment, and was caused to suffer much pain in both mind and body, and to sustain economic loss, and was otherwise damaged.

## FOURTH CAUSE OF ACTION

44. Plaintiff repeats and realleges each and every allegation contained in the First, Second and Third Causes of Action as if fully set forth at length herein.

45. That the aforesaid actions, and resulting injuries to plaintiff, were due to the negligence of the defendants in the hiring, retention, and training of its employees, including the police officers involved in the arrest, assault and battery, and malicious prosecution of the plaintiff.

## FIFTH CAUSE OF ACTION

46. Plaintiff repeats and realleges each and every allegation contained in the First, Second and Third and Fourth Causes of Action as if fully set forth at length herein.

47. That plaintiff was deprived of his rights, privileges and immunities secured by the Constitution of the United States of America and of the State of New York, and his rights pursuant to 42 USC sec.1983 by those who, under color of a statute or regulation of a state, caused plaintiff to be so deprived.

48. That the aforesaid actions by the police and correction officers and prison staff were done pursuant to an official municipal policy or custom of the city and state, which policy involved the indiscriminate detention, interrogation, intimidation, denial of medical attention, and prosecution of individuals were engaged in criminal conduct, and for the purpose of thwarting the fair administration of justice.

49. That defendants herein, their agents, servants and employees, motivated in part by racial and/ or ethnic animus, conspired to deprived plaintiff of his federal civil and constitutional rights, in violation of 42 USC 1985.

WHEREFORE, the plaintiff pays for Judgment against the defendants, and each of them, as follows:

1. COUNT 1: $50,000,000.00
2. COUNT 2: $50,000,000.00
3. COUNT 3: $50,000,000.00
4. COUNT 4: $50,000,000.00
5. COUNT 5: $50,000,000.00
6. Punitive damages in the amount of $50,000,000.00
7. Where applicable the plaintiff further seeks treble damages with respect to any award of damages.

8. The plaintiff respectfully seeks reasonable costs and expenses of this action, including but not limited to reasonable attorneys fees.

9. Such other relief as may be just.

Dated: New York, New York
    November 11, 2010

                LAW OFFICE OF
                ANDREW C. LAUFER, PLLC

                _____
                By: Andrew C. Laufer
                Attorney for Plaintiff
                ABRAHAM LYLES III
                Office & P.O. Address
                255 West 36th Street, Suite 1104
                New York, New York 10018
                (212) 422-1020

## VERIFICATION

ANDREW C. LAUFER, an attorney duly admitted to practice law in the State of New York, hereby affirms the following, under penalty of perjury:

That I am the attorney for the plaintiff(s) in the within action. That I have read the foregoing amended summons and complaint and know the contents thereof; that the same is true and to my own knowledge, except as to the matters I believe it to be true.

That the reason this verification is made by your affirmant and not by the plaintiff(s) is that plaintiff(s) does not reside in the County where your affirmant maintains his office,

That the grounds for your affirmant's belief as to all matters not stated upon my knowledge are as follows: records reports, facts, and documents contained in plaintiff(s) file maintained by your affirmant's office

Dated: New York, New York
       November 11, 2010

ANDREW C. LAUFER